## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN D. HORTON          )
                       )
          Plaintiff,     )
                       )
vs.                     )     Case No. 06-1363-MLB
                       )
LARNED STATE HOSPITAL,   )
                       )
          Defendant.   )
_____)

## REPORT AND RECOMMENDATION OF
## DENIAL OF IFP STATUS

Plaintiff John D. Horton has filed an "Application for Leave to File Action Without Payment of Fees, Costs, or Security" (IFP Application).[1] (Doc. 3, sealed.) Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.* There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed in forma pauperis, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

courts are available to all citizens, not just those who can afford to pay. *See Yellen v. Cooper*, 82 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff, who has a master's degree in library science from the University of Oklahoma (Doc. 1, at ¶ 1), lists a small net monthly income from his employment with a temporary employment agency.  He also lists a small amount of cash on hand and one modest automobile, which he owns outright.  He indicates he is single with no dependents.  While he does not own real property, he lists no monthly rent payment.  He does not list monthly utility or insurance costs, and does not list any outstanding debts.  In fact, the only monthly expenditure he enumerates is a reasonable amount for groceries.  Considering all of the information contained in the financial affidavit,  Plaintiff has some cash on hand as well as a positive net monthly income with very little in terms of expenses.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security be **DENIED**.

A copy of the recommendation shall be sent to plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 9th day of January, 2007.


    s/  Donal d W. Bostwick
    DONALD W. BOSTWICK
    United States Magistrate Judge